UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARLIES ZIMMER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **AIG VALIC, et al.,** | § | **CIVIL ACTION NO. H-06-2475** |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Dismiss.  After considering the parties' filings and the applicable law, the Court finds that the motion, Docket No. 7, should be and hereby is **GRANTED**.

## I.   BACKGROUND

This case arises from allegations that Defendants fraudulently manipulated tax forms reporting monthly annuity and/or pension plan payments to their clients.  Plaintiff Marlies Zimmer is a participant in a pension and annuity plan managed by Defendants.  As a plan beneficiary, Zimmer customarily receives twelve monthly plan distributions per year.  Accordingly, each yearly Form 1099 that Plaintiff had received from Defendants until 2005 reflected the receipt of twelve payments.

In January 2006, Plaintiff received a letter from Defendant AIG Valic, informing her that her 2005 Form 1099 would not reflect, as it always had in the past, twelve distributions made from January 2005 through December 2005.  Rather, her 2005 Form 1099 would include thirteen payments made between December 2004 and December 2005.  According to AIG Valic, a payment generated and sent to her in December 2004

was not reported on her 2004 Form 1099 and would be, in effect, compensated for on her 2005 Form 1099.

In her Complaint, Plaintiff denies that she received an extra payment in 2004, and alleges in any case that Defendants fraudulently filed an incorrect Form 1099 with the Internal Revenue Service, exposing her to artificially inflated tax liability for 2005.  The Complaint alleges that Defendants violated 26 U.S.C. § 7434 (which provides a cause of action to a person with respect to whom a fraudulent tax information return has been filed), and that Defendants breached their contractual duty of good faith and fair dealing.

Defendants move to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6).  Defendants admit that they sent Plaintiff a Form 1099 for 2005 reflecting thirteen distributions.  However, Defendants state (and attach documents supporting their claims) that this Form 1099 was never filed; rather, Defendants obtained an extension to file their tax documents, and sent a corrected Form 1099 (reflecting only twelve payments in 2005) to Plaintiff.  Defendants assert therefore that Plaintiff has no claim under 26 U.S.C. § 7434, since they did not submit a fraudulent or otherwise incorrect Form 1099 to the IRS.[1]  Defendants argue further that Plaintiff's breach of duty claim arises out of its § 7434 claim and should also be dismissed.

## II.    MOTION TO DISMISS

### A.  Failure to State a Claim

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6) (2006).  A district court will dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if "it appears certain that the plaintiff

---

[1] Neither party has submitted any document that conclusively shows which Form 1099, if any, has been submitted by Defendants to the IRS at the time of this writing.

cannot prove any set of facts in support of his claim that would entitle him to relief." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994).  When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

A district court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim. . . . In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (internal citation omitted).  Because the Court finds that documents concerning the 2005 Form 1099 provided by Defendants to Plaintiff are central to the factual premise of Plaintiff's allegations, it has considered Defendants' submissions in ruling on the Motion to Dismiss.[2]

### 1.   Plaintiff's claim under 26 U.S.C. § 7434

Under 26 U.S.C. § 7434, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."  26 U.S.C. § 7434(a) (2006).  Under the plain language of the statute, a cause of action is triggered by the actual *filing* of a fraudulent information return.[3]  Plaintiff has not

---

[2] The Court also notes that, as in *Collins*, Plaintiff has not objected to the documents attached to Defendants' Motion to Dismiss.  *Collins*, 224 F.3d at 498.  In fact, Plaintiff submitted an additional document with her Response to the Motion to Dismiss that tends to support Defendants' characterization of the situation (a March 2006 letter from Defendants, referring to the corrected Form 1099 and instructing Plaintiff to use the new form in preparing her tax return).

[3] Several references are made in the remainder of Section 7434 to *filing*.  For example, the principal damages recoverable under Section 7434 arise from actual damages sustained "as a proximate result of the

demonstrated, either through an affirmative showing or by refuting Defendants' factual

assertions, that any fraudulent or otherwise incorrect Form 1099 was ever filed with

respect to her 2005 plan distributions.  Indeed, in light of Defendants' attachments to

their Motion to Dismiss, Plaintiff did not renew in her Response her factual claim that a

fraudulent Form 1099 was filed, alleging instead a violation of "the stated purpose" of the

statute.  Pl.'s Resp. at 5.  Therefore, because the Court finds that Plaintiff has failed to

supply the factual predicate required by 26 U.S.C. § 7434, her statutory claim must be

dismissed.

**2.  Plaintiff's breach of duty claim**

Because Plaintiff's statutory claim has been dismissed, the Court declines to

exercise its supplemental jurisdiction over her claim that Defendants breached their

contractual duty of good faith and fair dealing.  28 U.S.C. § 1367(c)(3) (2006).  Because,

in the Court's view, Plaintiff has not adequately pled any injury or other harm arising

from the purported breach, the Court further declines to grant Plaintiff leave to amend her

claim to establish an independent jurisdictional basis under the Class Action Fairness

Act.  Pl.'s Resp. at 5.

**III.   CONCLUSION**

Defendants' Motion to Dismiss is **GRANTED**.   Plaintiff's claims are hereby

**DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**.

---

filing of the fraudulent information return."  26 U.S.C. § 7434(b)(1).  Further, an action to enforce the
liability under the statute must be brought six years after the date of the filing of the information return, or
one year after the date such return would have been reasonably discovered.  26 U.S.C. § 7434(c).

**SIGNED** at Houston, Texas, on this the 5th day of October, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**